ROVNER, ALLEN, ROVNER
ZIMMERMAN & SCHMIDT
By: Steven L. Rovner, Esquire
Attorney I.D. No: 67801
175 Bustleton Pike
Feasterville, PA 19053
(215) 953-2714

| | |
|---|---|
| IN RE:<br>PETER C. DANIS,<br><br>Debtor | UNITED STATES BANKRUPTCY COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br>CHAPTER 13<br><br>BKY No. 18-14785-amc |

## MOTION FOR RELIEF FROM AUTOMATIC STAY

Movant, Igor Repalo, by and through his attorney, Steven L. Rovner, Esquire, of Rovner, Allen, Rovner, Zimmerman and Schmidt, avers as follows:

1. On January 31, 2017, Movant, was a pedestrian who sustained serious and significant injuries when he was struck by a motor vehicle driven by the above-named debtor, Peter C. Danis, causing Movant to suffer severe injuries.

2. On the this date Debtor maintained an insurance policy with State Farm Insurance Company, whereby said carrier agreed to pay up to $100,000.00 for sums in which the debtor should become liable to pay as damages imposed upon it by law for injuries and losses sustained by any person, if caused by the negligence of the debtor, Mr. Danis, said policy designated as policy number 1196240E1038A.

3. Said policy was in full force and effect on January 31, 2017, and provides coverage in the amount of $100,000.00 for the pending claims.

4. Movant believes and therefore avers that under said policy the insolvency or bankruptcy of the debtor-insured or the insolvency of its estate shall not release the insurance company from the payment of damages for injuries sustained during the term of and within the coverage of said policy.

5. On July 11, 2017, Movant commenced an action against said Debtor in the Philadelphia

Court of Common Pleas, with a docket number of 170700775.

6. This matter is being defended by Debtor's State Farm insurance policy.

7. While Debtor's State Farm policy is insufficient to pay for Movant's economic and non-economic injuries and suffering, Debtor's insurance company has refused to tender the policy limits.

8. Despite this, Movant is willing to forgo pursing any excess verdict claims against Debtor personally, if, after a verdict in excess of the policy limits of $100,000.00, Debtor is willing to sign over his right to recovery on any subsequent action regarding the handling of Movant's claim against his insurance carrier and/or trial counsel.

9. Therefore, the prosecution of this claim will in no manner reduce or jeopardize the assets of the debtor to the detriment of the creditors in bankruptcy.

10. On July 20, 2018, the above-named debtor, filed a voluntary Petition under Chapter 13 of the Bankruptcy Code.

11. Neither Movant nor Movant's attorney was mentioned in the Petition, and Movant did not receive formal notice of this Petition until October 29, 2018, the day jury selection was to start in the civil trial.

12. By provision of 11 U.S.C. Section 362, all persons are enjoined and stayed from commencing or continuing any suit against the debtor.

13. In considering whether to lift an automatic stay, the Bankruptcy Court must take into consideration such things as the purpose for the stay, the interest of the bankrupt estate, and the hardship that will be imposed upon the creditor if the relief is not granted. In re: Parkinson, 102 B.R. 141, (Bkrtcy. C.D. Ill. 1988).

14. Modifying the Automatic Stay will place no undue burden upon the Debtor or the Bankrupt Estate, but, if not modified, the Movant will suffer extreme prejudice in that he will be unable to pursue his action and recover for the injuries suffered by him at the hand of the debtor.

WHEREFORE, Movant requests that the stay afforded by 11 U.S.C. Section 362 be modified so as to permit him to proceed with his lawsuit against the Debtor, Peter C. Danis, and proceed said lawsuit against the debtor through trial and judgment.

Respectfully submitted,

**ROVNER, ALLEN, ROVNER, ZIMMERMAN and SCHMIDT**

DATE: 11/9/18

BY: _____
STEVEN L. ROVNER, ESQUIRE
Attorney for Movant, Igor Repalo