ROVNER, ALLEN, ROVNER
ZIMMERMAN & SCHMIDT
By: Steven L. Rovner, Esquire
Attorney I.D. No: 67801
175 Bustleton Pike
Feasterville, PA 19053
(215) 953-2714

| | |
|---|---|
| IN RE:<br>PETER C. DANIS,<br><br>  Debtor | UNITED STATES BANKRUPTCY COURT<br>FOR THE EASTERN DISTRICT OF<br>PENNSYLVANIA<br><br>CHAPTER 13<br><br>BKY No. 18-14785-amc |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY

Movant, Igor Repalo, by and through his attorney, Steven L. Rovner, Esquire, of Rovner, Allen, Rovner, Zimmerman and Schmidt, files this Memorandum of Law in Support of his Motion for Relief from Automatic Stay as follows:

### I.   STATEMENT OF THE QUESTION INVOLVED

Should the automatic stay on Movant's personal injury litigation against Debtor be lifted because the stay places a great burden on Movant, yet lifting the stay does not impose a great burden on Debtor?

**Suggested Answer: Yes**

### II.   FACTS

On January 31, 2017, Movant, was a pedestrian who was struck by a motor vehicle driven by the above-named debtor, Peter C. Danis, causing Movant to suffer severe injuries, including surgery and extended hospitalization. On this date, Debtor maintained an insurance policy with State Farm Insurance Company, whereby said carrier agreed to pay such sums in which the debtor should become liable to pay as damages imposed upon it by law for injuries and losses sustained by any person, if caused by the negligence of the debtor, said policy designated as policy number 1196240E1038A. Said policy was in full force and effect on January 31, 2017, and provides coverage in the amount of $100,000.00 for the pending claims. Movant believes and therefore avers

that under said policy the insolvency or bankruptcy of the debtor-insured or the insolvency of its estate shall not release the insurance company from the payment of damages for injuries sustained during the term of and within the coverage of said policy.

On July 11, 2017, Movant commenced an action against said Debtor in the Philadelphia Court of Common Pleas, with a docket number of 170700775. This matter is being defended by Debtor's State Farm insurance policy. While Debtor's State Farm policy is insufficient to pay for Movant's injuries and suffering, Debtor's insurance company has refused to tender the policy limits.

On July 20, 2018, the above-named debtor, filed a voluntary Petition under Chapter 13 of the Bankruptcy Code. Neither Movant nor Movant's attorney was mentioned in the Petition, and Movant did not receive formal notice of this Petition until October 29, 2018, which was the day jury selection was to beging in the civil action. By provision of 11 U.S.C. Section 362, all persons are enjoined and stayed from commencing or continuing any suit against the debtor.

### III.    LEGAL ARGUMENT

The Bankruptcy Code provides for an automatic stay of all judicial proceedings against a debtor who has filed for bankruptcy protection. This stay is applicable to civil actions arising from personal injury. 11 U.S.C.A. Section 362. However, the Code also provides for relief from this automatic stay if cause can be shown. 11 U.S.C.A. Section 362(d). Section 362(d) allows creditors such as movant to seek relief from the automatic stay "for cause, including the lack of adequate protection of an interest in property of such party in interest." In re Holtkamp, 669 F.2d 505, 507 (7th Cir. 1982), quoting 11 U.S.C. § 362(d). Cause may also be the lack of "any connection with or interference with the pending bankruptcy case." Elliot v. Hardison, 25 B.R. 305, 308 (E.D.Va. 1982). In considering whether to grant such relief, the Bankruptcy Court must take into consideration such things as the purpose for the stay, the interest of the bankrupt estate, and the hardship that will be imposed upon the creditor if the relief is not granted. In re: Parkinson, 102 B.R. 141, (Bkrtcy. C.D. Ill. 1988).

Where no great prejudice to the bankruptcy estate or debtor will occur and the hardship to the plaintiff/party in interest outweighs the hardship that might be caused to the debtor by lifting

the stay, the stay should be lifted. In re McGraw, 18 B.R. 140, 142 (Bankr. N.D Wis. 1982). Where the civil action is not connected with and does not interfere with the bankruptcy proceedings, the automatic stay does not further the purposes of the bankruptcy code. Holtkamp at 508. "Where the claim is one covered by insurance or indemnity, continuation of the (civil) action should be permitted since hardship to the debtor is likely to be outweighed by the hardship to the plaintiff." McGraw at 142, citing 2 Collier on Bankruptcy §362.07(3). Even where insurance does not pay for the costs of the defense of a civil action, the equities may still weigh in favor of lifting the stay. McGraw at 142. "[D]ebtors-defendants suffer little prejudice when they are sued by plaintiffs who seek nothing more than declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors." In re Fernstrom Storage and Van Co., 938 F.2d 731 (7th Cir. 1991). The presence of insurance allows the Bankruptcy Court to find that permitting the civil action to go forward would not jeopardize the bankruptcy estate because financial responsibility for the defense of the litigation would be borne by the insurance company. Holtkamp at 508-509. **Another factor that the courts have considered in determining that the balance of hardships favors allowing the civil action to proceed is that this would allow the amount of the claim to be determined and liquidated. In re Best Repair Co., Inc., 34 B.R. 664 (Bankr. E.D.Va. 1983); Elliot v. Hardison, 25 B.R. 305, 308 (E.D.Va. 1982).**

In Holtkamp, the Seventh Circuit cited legislative history stating that "[i]t will often be more appropriate to permit proceedings to continue in their place of origin, when no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere." 699 F.2d at 508, quoting In re Honosky, 6 B.R. 667, 669 (S.D.W.Va. 1980) quoting S.Rep.No. 989, 95th Cong., 2d Sess. 50.

The McGraw Court held that "great prejudice" does not result where plaintiffs stipulate that they will not attempt to collect any judgment against the debtor proper. 15 B.R. at 142. Accordingly, movant would agree that in the likely outcome of a verdict in excess of the

insurance policy proceeds, movant would seek an assignment of any bad faith claim regarding the mishandling of this third party claim by both the insurance carrier and/or their chosen attorney. Modification of the stay to permit claimant to continue to prosecute a civil action against the debtor would therefore have no effect on the bankruptcy estate or the debtor and no "great prejudice" would result. Nonetheless, a trial must first occur to liquidate the amount of damages and then determine if insurance is sufficient to cover movant's losses.

In the present case, the only purpose served by refusing to lift the automatic stay would be to protect the debtor's insurance carrier. "The Court is not convinced that the Bankruptcy Code was intended to bestow such a benefit upon insurance companies." In re Honosky, 6 B.R. 667, 669 (Bankr. S.D.W.Va. 1980). The balance of hardships described in Holtkamp favors lifting the automatic stay in the present case. Allowing the claim to go forward would liquidate the claim in a forum better suited and with more expertise in determining the value of the claim

It has been held that where the debtor or bankrupt estate will suffer no great prejudice from the prosecution of a civil suit and the plaintiff will suffer a hardship by the maintenance of a stay, the motion for relief from a stay should be granted. In re: Bock Laundry Machine Company, 37 B.R. 564 (Bkrtcy. N.D. OH. 1984).

The assets of Peter C. Danis will not be affected by Movant's prosecution of an action. Adjusters cannot use the proceeds of this policy to pay other creditors, and the insurance policy itself is not imperiled by this action. The Debtor will suffer no detrimental effects if this action is allowed to proceed. The debtor, his insurance carrier, and his defense attorney have all represented in court proceedings that the liquidated value of movant's claims is less than the $100,000.00 insurance policy. These professionals have a fiduciary duty to act in the best interest of their insured, the debtor.

For all of the aforementioned reasons, the Movant respectfully requests that this Court modify the automatic stay to permit them to proceed with their claims. Sufficient cause has been shown.

WHEREFORE, Movant requests that the stay afforded by 11 U.S.C. Section 362 be modified so as to permit him to proceed with his lawsuit against the Debtor, Peter C. Danis, through trial and judgment.

Respectfully submitted,

**ROVNER, ALLEN, ROVNER, ZIMMERMAN and SCHMIDT**

DATE: 11/9/16

BY: _____
STEVEN L. ROVNER, ESQUIRE
Attorney for Movant, Igor Repalo