**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| PETER C. DANIS | : | |
| | : | |
| Debtor | : | BKY No. 18-14785-amc |

**ORDER**

Upon consideration of the Motion for Relief from Automatic Stay filed by Igor Repalo, and the opposition there, IT IS HEREBY ORDERED on this ____ day of December 2018, that the Motion is GRANTED IN PART and DENIED IN PART.

Movant, Igor Repalo, is granted leave solely to pursue to a final judgment his action against the Debtor (Repalo v. Danis, July Term 2017, No. 775 (C.P. Philadelphia)). Repalo is barred and enjoined from collecting from the Debtor, his property or the bankruptcy estate any judgment awarded in the personal injury action in excess of the Debtor's liability insurance limits ($100,000.00).

_____

United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| PETER C. DANIS | : | |
| | : | |
| Debtor | : | BKY No. 18-14785-amc |

## RESPONSE IN OPPOSITION TO
## MOTION FOR RELIEF FROM AUTOMATIC STAY

Debtor, Peter C. Danis, by his attorneys, responds to the Motion for Relief as follows:

1. Debtor admits that he was involved in a motor vehicle accident on January 31, 2017 with the Movant, Igor Repalo, who was then a pedestrian. Debtor admits that the Movant sustained certain injuries as a result of that accident.

2. Denied as stated. Debtor admits that, on January 31, 2017, he was the named insured on an automobile liability insurance policy issued to him by State Farm Mutual Automobile insurance Company which provided liability coverage with limits up to $100,000.

3. Admitted.

4. Admitted.

5. Admitted.

6. Denied as stated. In the pending personal injury action filed by Repalo, Debtor is being defended by counsel retained for him by State Farm and at State Farm's expense.

7. Denied as stated. It is admitted only that State Farm has refused to tender to the Movant the policy limits of $100,000. Debtor's liability to the Movant is disputed. Repalo was an intoxicated pedestrian who attempted to cross Roosevelt Boulevard at night and stepped into

the path of the Debtor's car. There has not been any determination made regarding whether any compensation is owed to Repalo.

8. Denied. While Debtor is without knowledge or information sufficient to form a belief as to Movant's prospective willingness to forgo all or any of any part of his claim, the Movant's request belies any willingness by him to forgo any claims against Debtor.

9. Debtor admits that the prosecution of Repalo's personal injury claim will not jeopardize the Debtor's assets *only if* Repalo's recovery (if any) in the personal injury action is confined to the liability coverage limits available under the State Farm policy. The allegations of paragraph 9 of the motion otherwise are denied.

10. Admitted.

11. Admitted. By way of further response, however, Debtor filed an amendment to his Petition on October 29, 2018, specifically identifying Repalo's personal injury action as a pending court action and further identifying Repalo as an unsecured claimholder for an unknown (uncertain) amount.

12. Admitted.

13. The allegations of paragraph 13 of the motion constitute conclusion of law. The court's authority to grant relief from the stay is subject to the provisions of 11 U.S.C. § 362(d).

14. Admitted in part; denied in part. To the extent that Repalo's rights of recovery against the Debtor (if any) are limited to the recovery of the available liability insurance ($100,000), Debtor agrees that relief from the stay will not place any undue burden upon him, his estate or other creditors. The allegations of paragraph 14 of the motion otherwise are denied.

WHEREFORE, Debtor opposes Repalo's request for blanket relief from the automatic stay to the extent that Repalo seeks to secure and exercise in any way recovery from the Debtor in excess of the available liability insurance coverage limits.

>
> Respectfully submitted,
>
> /s/ *John J. McGrath*
>
> John J. McGrath, Esquire
>
> PALMER & BARR, P.C.
> 1880 John F. Kennedy Boulevard, Ste.401
> Philadelphia, PA 19103
> john.mcgrath@palmerbarr.com
> (215) 557-0222
>
> Attorney for Debtor
> In response to the Motion for Relief

Dated: December 9, 2018

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| PETER C. DANIS | : | |
| | : | |
| Debtor | : | BKY No. 18-14785-amc |

**MEMORANDUM OF LAW IN OPPOSITION
TO MOTION FOR RELIEF FROM AUTOMOTIC STAY**

Debtor, Peter C. Danis, opposes Movant's request for relief in part. Debtor does not object to relief from the stay to the extent that Movant, Repalo, seeks leave to litigate his personal injury action against Debtor. Debtor opposes Movant's request to the extent that Repalo is seeking leave to execute on any recovery in excess Debtor's available liability insurance limits.

**I.   FACTUAL BACKGROUND**

The Debtor, Peter Danis, was involved in a traffic accident with the Movant, Igor Repalo, on January 31, 2017. The accident occurred on Roosevelt Boulevard after dark, around 6:45 p.m. The claimant was an intoxicated pedestrian who tried to cross the Boulevard, stepping into the path of the Debtor's oncoming car.[1] He was wearing a black coat and dark jeans. He has admitted that he never saw the car, although seems to have some recollection of seeing headlights within a second or so before being struck. Nonetheless, in July 2017 Repalo filed a negligence action for personal injuries against the Debtor, captioned Repalo v. Danis, July Term 2017, No. 775 (C.P. Philadelphia).

---

[1] The ***Debtor*** was not intoxicated. The claim asserted against him by Repalo is not exempt from discharge.

At the time of the accident, the Debtor was insured under an automobile liability insurance policy issued to him by State Farm Mutual Automobile Insurance Company. That policy provided coverage for the Debtor's defense and for indemnity up to $100,000 per person. State Farm has retained counsel at its cost to defend the Debtor in the tort action.

Debtor filed an amendment to his Chapter 13 Petition on October 29, 2018, specifically identifying Repalo's personal injury action as a pending court action and further identifying Repalo as an unsecured claimholder for an unknown (uncertain) amount.

## II. LEGAL ARGUMENT

Although not stated transparently, the Movant is seeking three elements of relief from the court:

1. The opportunity to pursue Movant's personal injury action against the Debtor in the hope of securing a judgment against the Debtor for an amount in excess of the available liability insurance;

2. Compelling the Debtor to execute an assignment of whatever rights the Debtor may have against his own liability insurance company to recover extra-contractual damages; and

3. Permitting the Movant then to use that asset to his own singular benefit and to the avoidance of the Debtor's other creditors.

It is not surprising that the Movant cites no legal authority which supports his position.

Debtor acknowledges that the court has discretion to lift the automatic stay "for cause" (11 U.S.C. § 362(d)(1)) in order to permit a personal injury claimant to continue his action against a debtor – but only to the extent that, if successful, the claimant's recovery does not diminish or impair the debtor's assets or operate to the disadvantage of other unsecured creditors. Indeed, in the cases cited by the Movant which granted relief from the stay, the courts expressly

***prohibited the personal injury plaintiffs from attempting to collect any judgment they might receive***.  See, e.g., Matter of Fernstrom Storage and Van Co., 938 F.2d 731 (7th Cir. 1991) (permitting relief from stay where creditor "stipulated that it would only seek to recover up to the … limit provided in [Debtor's] insurance policies"); Matter of Holtkamp, 669 F.2d 505 (7th Cir. 1982) ("the bankruptcy's [sic] court's order expressly prohibited [the claimant] from attempting to enforce his judgment"); In Re Bock Laundry Machine Co., 37 B.R. 564 (Bkrtcy. N.D.Oh. 1984) (refusing to grant total relief from stay; personal injury claimants "will not be permitted to make any effort to collect on any judgment obtained in their personal injury actions"); In Re Best Repair Co., Inc., 34 B.R. 664 (Bkrtcy. E.D.Va. 1983) ("[a]ll parties, however, are strictly enjoined from enforcing any judgment(s) which may be obtained against [the Debtor]"); In Re McGraw, 18 B.R. 140 (Bkrtcy. N.D.Wis. 1982) (refusing to grant total relief from stay; "[personal injury claimants] are barred and enjoined from collecting from the Debtor or his property or the bankruptcy estate any judgment awarded in [the personal injury action]"); Elliot v. Hardison, 25 B.R. 305 (Bkrtcy. E.D.Va. 1982) (permitting continuation of the civil action, but expressly prohibiting the plaintiff, if successful, from attempting to enforce any judgment in excess of the liability insurance coverage); In Re Honosky, 6 B.R. 667 (Bkrtcy. S.D.W.Va. 1980) ("Plaintiff may not take any step toward collecting any judgment personally from the Debtor").

Debtor does not object to the entry of an order permitting limited relief from the automatic stay, namely to allow the tort action to proceed in state court to a final verdict. If Repalo is able to prevail in that action and is awarded damages within the limits of the Debtor's liability insurance coverage ($100,000), the judgment can be satisfied by the Debtor's insurance company without detriment to the Debtor, his estate or other creditors. Similarly, if Repalo is successful in obtaining an award in excess of $100,000, but agrees to accept only the insurance

policy limits in full and final satisfaction of that award, then there also is no detriment to the Debtor, his estate or other creditors.

However, if Repalo successfully obtains a verdict against the Debtor for an amount in excess of the available insurance coverage and desires to recover the excess, Repalo should then file with the bankruptcy court a proof of claim for the amount of his judgment. At that point he can participate in the bankruptcy proceedings in the same fashion as Debtor's other creditors.

Movant's proposal that he be permitted to execute on any prospective, excess judgment *outside* the bankruptcy proceedings is both unacceptable and in derogation of the bankruptcy process. Neither the Movant nor this court can compel the Debtor to execute an assignment of any putative bad faith claim against Debtor's liability insurance company. If there should ever be an excess verdict against the Debtor in the personal injury action and if there is any legal basis upon which to found a secondary action for bad faith or extracontractual damages, then that cause of action belongs to the Debtor or his estate. Repalo cannot pursue an action for bad faith directly against the liability insurer. See, e.g., Leboon v. Zurich American Ins. Co., No. 16-2088 (3rd Cir. December 12, 2016)[2](citing Strutz v. State Farm Mutual Ins. Co., 609 A.2d 569 (Pa. Super 1992)). Accordingly, Repalo would have to "execute" on any excess judgment against the Debtor either by trying to collect from the Debtor's assets in general or by negotiating with the Debtor for an assignment of bad faith claim.

If such a bad faith cause of action should come to exist, it is an asset which should be available to satisfy *all* creditors, not just Repalo. See, e.g., In re Soliz, 77 B.R. 93 (Bkrtcy. N.D.Tx. 1987)(any funds recovered from the debtor's liability insurer in excess of the coverage limits are the property of the estate and not property of the tort claimant). See generally Harris v. Viegelahn, 135 S. Ct. 1829, 1835 (2015)("the Chapter 13 estate from which creditors may be

---

[2] The court's decision was delivered in a *per curiam* opinion and designated "Not Precedential."

Document      Page 9 of 10

paid includes both the Debtor's property at the time of his bankruptcy petition, and any wages and property acquired after filing"); Combs v. V. Cordish Companies, Inc., 862 F.3d 671, 679 (8th Cir. 2017); Anderson v. St. Paul Mercury Indemnity Co., 340 F.2d 406 (7th Cir. 1965)("[a]ny asset or chose in action of the bankrupt which could have been enforced by the bankrupt had he not gone into bankruptcy automatically vests in and becomes the property of the Trustees in Bankruptcy").

Repalo is simply not entitled to the blanket relief from the automatic stay which he seeks. For those reasons, Debtor objects to the request.

Respectfully submitted,

/s/ *John J. McGrath*

John J. McGrath, Esquire

PALMER & BARR, P.C.
1880 John F. Kennedy Boulevard, Ste.401
Philadelphia, PA 19103
john.mcgrath@palmerbarr.com
(215) 557-0222

Attorney for Debtor
In response to the Motion for Relief

Dated: December 9, 2018

## CERTIFICATE OF SERVICE

      I, John J. McGrath, Esquire, attorney for Debtor-Respondent, hereby certify that a copy of the foregoing ***Response in Opposition to Motion for Relief from Automatic Stay*** has been filed electronically with the Court and has been served upon counsel for the Movant by email (srovner@dial-law.com) on the 9th day of December 2018.  The foregoing response is being served by United States mail, first class, postage prepaid, upon the following on December 10, 2018:

Steven L. Rovner, Esquire
Rovner, Allen, Rovner, Zimmerman & Schmidt
175 Bustleton Pike
Feasterville, PA  19053

Brad J. Sadek, Esquire
Sadek and Cooper
1315 Walnut Street, Suite 502
Philadelphia, PA 19107

William C. Miller, Esquire
Chapter 13 Trustee
P.O. Box 1229
Philadelphia, PA 19105

/s/ *John J. McGrath*
John J. McGrath